**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| C.B, a minor, by and through his Guardian Ad Litem, Alexis Baquerizo,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>GARDEN GROVE UNIFIED SCHOOL DISTRICT, a Local Educational Agency,<br><br>Defendant-Appellee. | No. 12-56911<br><br>D.C. No. 8:11-cv-01619-JVS-MLG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 5, 2014
Pasadena, California

Before: SCHROEDER, CLIFTON, Circuit Judges, and TUNHEIM, District Judge.[**]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

C.B., a student residing in the Garden Grove Unified School District ("the District") who qualifies for special education services, appeals the district court's affirmance of a California Administrative Law Judge ("ALJ") decision regarding his complaint under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), 20 U.S.C. § 1400, *et seq.* We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I.    Supplementing the Record

The district court did not abuse its discretion in failing to supplement the administrative record with transcripts, as permitted by 20 U.S.C. § 1415(i)(2)(C)(ii). *See Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993) ("The determination of what is 'additional' evidence must be left to the discretion of the trial court . . . ." (internal quotation marks omitted)). Recordings of the relevant meetings were already in the record, so the contents of the meetings, including any alleged lack of discussion that C.B. wished to demonstrate, were available to the district court and to this court. The district court properly considered whether transcripts would be "relevant, non-cumulative, and otherwise admissible," *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1006 (9th Cir. 2011), and it was not an abuse of discretion to conclude that transcripts would be cumulative.

## II. Compliance with the IDEA

The IDEA imposes substantive and procedural requirements upon states and school districts, including that they must offer students with disabilities a free and appropriate public education ("FAPE"), 20 U.S.C. § 1412(a)(1)(A), and develop an individualized education program ("IEP") that is reasonably calculated to enable the child to receive educational benefits, *id.* § 1412(a)(4); *see also R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1121 (9th Cir. 2011). In reviewing compliance with the IDEA, courts should first consider whether the district complied with the procedures set forth by the Act and then consider whether the IEP is reasonably calculated to enable the child to receive educational benefits. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206–07 (1982). Procedural inadequacies that result in the loss of educational opportunity, seriously infringe the parents' opportunity to participate in the IEP formulation process, or cause a deprivation of educational benefits result in the denial of a FAPE. *See Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 892 (9th Cir. 2001).

### A. Procedural Compliance with the IDEA

None of the procedural flaws alleged by C.B. resulted in the denial of a FAPE. First, any failure by the District to assess or set goals with regard to C.B.'s

anxiety did not result in a denial of a FAPE because the District's offer of placement adequately addressed C.B.'s anxiety through weekly counseling sessions and the opportunity to reevaluate after the District was able to observe C.B. in the new setting. Second, the lack of a specific goal for reading comprehension alone did not render the IEP inadequate, as the District was required to provide only **some** educational benefit, not necessarily the ideal or maximum benefit to that student. *Ojai*, 4 F.3d at 1474. The IEP team discussed C.B.'s reading comprehension need and District staff made clear they intended to provide him with appropriate services. Third, the baselines for C.B.'s goals in the IEP met the requirements of the IDEA, *see* 20 U.S.C. § 1414(d)(1)(A)(i)(I), and provided sufficient information upon which to measure C.B.'s progress toward goals; any lack of greater specificity in the baselines did not amount to a denial of a FAPE. Fourth, the lack of a designated section in the IEP listing accommodations did not result in the loss of an educational opportunity because the IEP team discussed and the IEP included (at least in the meeting notes) accommodations appropriate for C.B. Fifth, any inadequacies in the transition services portion of the IEP did not result in the denial of a FAPE because, in 2010, C.B. had several more years to receive services and work towards individualized transition goals.

4

Finally, District personnel presented the placement offer during the IEP meeting after listening to C.B.'s preferred providers discuss C.B.'s abilities and collaborating with those providers in developing individualized goals for C.B., suggesting that District personnel had an open mind about C.B.'s placement and did not deprive C.B.'s guardian of an opportunity to meaningfully participate in the IEP. *Cf. J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 952 (9th Cir. 2010) (finding no predetermination where district changed aspects of the program based on parent and expert recommendations, even though district held pre-meeting). Thus, none of the alleged procedural flaws resulted in the denial of a FAPE.

## B. Substantive Compliance with the IDEA

The court reviews *de novo* whether the District's offer of placement was a FAPE, *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996), evaluating the IEP in light of the information available at the time it was developed, *Adams ex rel. Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999). The District's offer of placing C.B. in a setting with small group instruction was a FAPE in the least restrictive environment given that C.B. had spent the past three years receiving one-on-one instruction and there was no information before the District indicating that a large group setting would be appropriate for C.B. Especially considering that C.B. had not been in the District for three years and

District personnel had only one opportunity to observe C.B. before the June IEP meetings, the District's proposed placement as an **interim** placement was appropriate. *Cf. Ms. S. ex rel. G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1132 (9th Cir. 2003) (where student had not been in the district the prior year and assessments were outdated, the district's "decision to evaluate [the student] before implementing a program and the [district]'s decision to implement a temporary IEP during the [district]'s evaluation of [the student] was appropriate"), *superseded by statute on other grounds*, 20 U.S.C. § 1414(d)(1)(B). The District's offer of placement was a FAPE in the least restrictive environment in accordance with the requirements of the IDEA.

**AFFIRMED.**